UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROY MICHAEL BRAUNINGER                                          CIVIL ACTION

VERSUS                                                                            NO. 05-0688

DEFAULT MANAGEMENT SOLUTIONS, L.L.C.              SECTION "N" (3)
AND DAVID MOTES

## ORDER AND REASONS

Presently before the Court is Defendant Motes' Motion to Reconsider Ruling Regarding Motion for Summary Judgment (Rec. Doc. No. 112). As stated herein, **IT IS ORDERED** that the motion is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's defamation claims against Defendant Motes and Defendant Default Management Solutions, L.L.C., d/b/a First American Loss Mitigation Services ("FALMS") are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff sued Defendant FALMS for race, gender, and age discrimination based on his termination from employment. Plaintiff also sued both FALMS and Defendant Motes for defamation. On November 22, 2006, the Court granted summary judgment in favor of FALMS with respect to Plaintiff's discrimination claims. The Court denied summary judgment, however, with respect to Plaintiff's defamation claims against Motes and FALMS. *See* November 22, 2006 Order and Reasons (Rec. Doc. No. 111). Defendants now ask the Court to reconsider its rulings regarding Plaintiff's defamation claims.

## ANALYSIS

Notwithstanding Plaintiff's arguments to the contrary, this Court is empowered to reconsider interlocutory orders such as denials of motions for summary judgment. *See, e.g., Lavespere v. Niagara Mach. & Tool Works, Inc.*, 915 F.2d 167, 185 (5th Cir. 1999); *Bourdais v. City of New Orleans*, No. 99-1434, 2002 WL 1963320, *2-3 (E.D. La.) (Livaudais, J.); *see also* Fed. R. Civ. P. 54(b). The Court finds it appropriate to exercise that power here.

Defendants make several arguments in support of the motion to reconsider. Among these are the assertion that, under Louisiana law, absolutely no intra-corporate communication regarding an employment matter can ever satisfy the "publication" element of a defamation claim. Only now citing *Quebedeaux v. Dow Chemical Company*, 820 So.2d 542 (La. 2002), Defendants also argue, for the first time, that, for policy reasons, Louisiana's at-will employment doctrine precludes an employer's vicarious liability for intentional tort damages arising out of an employee's termination. Finally, Defendants point to the newly-offered declarations from Amy Williamson, Richard Roniger, and Judy Ellison, stating that Plaintiff would have been fired even in the absence of statements made by Defendant Motes, in arguing that Plaintiff cannot establish the "resulting injury" element of his defamation claims.[1]

Although not inclined to agree with their position regarding "publication," the Court does not find it necessary to address Defendants' arguments on that point or the *Quebedeaux* decision. Indeed, to avoid any confusion in future cases regarding these issues and the Court's treatment of them in this action, **IT IS ORDERED** that the portions of the November 22, 2006 Order and Reasons analyzing the "publication" element of Plaintiff's defamation claim and FALMS'

---

[1] *See* Williamson, Ellison, and Roniger Declarations, Exhibits 1-3 to FALMS' Response to Defendant Motes' Motion to Reconsider Denial of Summary Judgment.

potential vicarious liability for Motes' statements are **VACATED**. Rather, having considered the declarations of Amy Williamson, Richard Roniger, and Judy Ellison, together with the evidence previously submitted, the Court finds that Plaintiff has not demonstrated the existence of a genuine issue of material fact with respect to the "resulting injury" element of his defamation claim.

Although Plaintiff essentially argues that the issue of "resulting injury" is a credibility determination for the jury, he offers nothing to suggest that the uniform assertions of these three decision-makers regarding the significance of Motes' statements to Williamson should be disbelieved.[2] Significantly, these assertions are not the type of statement that typically is susceptible to a "swearing match" that the trier of fact must adjudicate.

Further, as the Court noted in connection with Plaintiff's discrimination claim, Williamson's investigation notes reveal that she obtained first-hand statements by Nancy Stroebel regarding improper hiring practices by Plaintiff, first-hand employee statements regarding inappropriate and derogatory comments allegedly made by Plaintiff about a female client during an analysts meeting, and first-hand statements from Jodi Bourgeois regarding inappropriate sexual comments allegedly made to her by Plaintiff.[3] Ellison's notes and June 24, 2004 letter to Plaintiff reveal that her follow-up investigatory efforts primarily focused on confirming (with additional

---

[2] In fact, it does not appear to the Court that Plaintiff has ever probed the basis for FALMS' termination decision by means of deposition or other discovery device. If such efforts have been made, no resulting evidence has been cited to the Court.

[3] *See* Williamson Declaration and Williamson Investigation Notes, Exhibits 5 and 5A to FALMS' Memorandum in Support of Motion for Summary Judgment ("FALMS Mem.") (Rec. Doc. No. 46-3).

employees) the allegations of Plaintiff's statements during the meeting with the analysts, and that Plaintiff, not Motes or anyone else, had shared Plaintiff's personal information with Bourgeois.[4] She also emphasized that the only evidence considered by the decision-makers was that based on first-hand information.[5]

This evidence alone, without consideration of the statements made by Motes, provided sufficient justification for the FALMS decision-makers to have concluded that Plaintiff's at-will employment presented an unacceptable risk of legal liability, as well as an unacceptable working environment, and, thus, should be terminated. It likewise is sufficient to preclude a jury finding that Motes' statements, considered alone, were a substantial factor in bringing about Plaintiff's termination. Thus, neither defendant bears liability on Plaintiff's defamation claim.[6]

---

[4] *See* Ellison July 31, 2006 Declaration, Ellison Investigation Notes (FALMS 000225), and Ellison June 24, 2004 Letter, Exhibits 7, 7A, and 8 to FALMS' Mem. (Rec. Doc. No. 46-3).

[5] Although Plaintiff has objected to the results of Williamson's investigation on grounds that Defendant Motes allegedly made untrue statements about him in gossiping to and with other employees that were interviewed, Williams' investigative notes reveal that she carefully distinguished between first-hand information and second-hand information that was simply repeated by another employee.

[6] The Court's decision regarding the motion for reconsideration is not without some hesitation. All of the parties previously had ample opportunity to offer all necessary and appropriate argument and evidence in connection with the motions for summary judgment and should have done so. Nor have Defendants offered any explanation of why these declarations were not offered, and the *Quebedeaux* decision discussed, until after the Court had ruled on the original motions for summary judgment. Given that the motion for reconsideration addresses Plaintiff's only remaining claims, has merit, and will thus render a trial by jury unnecessary, the Court, in the interests of conserving the resources of the parties and the judiciary, nevertheless reviews the motion. The parties and their counsel are strongly urged, however, that, in the future, all appropriate factual and legal arguments available should be made in connection with submission of the original motion for summary judgment. A motion for reconsideration is not to be viewed as a readily available "back up" plan for curing any briefing deficiencies of a motion for summary judgment or opposition

## CONCLUSION

Although the Court does <u>not</u> hold that decision-maker declarations of the sort provided by FALMS always will or should result in a summary judgment ruling favorable to a defamation defendant, they, when considered along with the other evidence, and the specific facts and arguments presented, do in this particular instance. Accordingly, for the reasons stated, the motion for reconsideration is granted, and Plaintiff's defamation claims are dismissed with prejudice.

New Orleans, Louisiana, this __16th__ day of January 2007.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

memorandum.